1  **DAVID M.C. PETERSON**
   California State Bar No. 254498
2  FEDERAL DEFENDERS OF SAN DIEGO, INC.
   225 Broadway, Suite 900
3  San Diego, California  92101-5008
   Telephone:  (619) 234-8467
4  david_peterson@fd.org

5  Attorneys for Mr. Aceves-Iniestra

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10                  **(HONORABLE LARRY A. BURNS)**

11  UNITED STATES OF AMERICA,          )   Case No.:  08cr0361-LAB
                                        )
12             Plaintiff,               )   Date:    March 24, 2008
                                        )   Time:    2:00 p.m.
13  v.                                  )
                                        )
14  JESUS ACEVES-INIESTRA,              )   **STATEMENT OF FACTS AND POINTS AND**
                                        )   **AUTHORITIES IN SUPPORT OF MOTIONS**
15             Defendant.               )
                                        )
16  _____

17                               **I.**

18                   **STATEMENT OF FACTS**[1]

19         Mr. Aceves-Iniestra was arrested on January 18 2008.  While in custody at the border patrol station,

20  Mr. Aceves-Iniestra was questioned by Border Patrol Agents.  See "Probable Cause Statement of Carlos R.

21  Chavez," attached hereto as Exhibit ___ ("Exh. __").  The government filed a one-count indictment charging

22  Mr. Aceves-Iniestra with illegal reentry in violation of 8 U.S.C. § 1326 on February14, 2008.  To date,

23  defense counsel has received discovery limited to the charging documents in the instant matter, a three page

24  report of arrest by Agent Scott Dishman, an FBI rap sheet, minute orders from the Los Angeles County

25  Superior Court, and "FINS" reports allegedly related to Mr. Aceves-Iniestra.

26  _____

27         [1] The facts alleged in these motions are subject to elaboration and/or modification at the time these
    motions are heard.  Mr. Aceves-Iniestra reserves the right to take a position contrary to the following
28  statement of facts at the motions hearing and at trial.  Because he has to date received extremely limited
    discovery, the statement of facts, and the quotations, are taken from the complaint's statement of facts
    signed by the Magistrate Court.

1    On February 14, 2007, the January 2007 Grand Jury panel issued an indictment charging

2  Mr. Aceves-Iniestra with violating 8 U.S.C. § 1326, illegal re-entry after deportation.  He pled not guilty

3  to these charges.

4                                          **II.**

5                          **MOTION TO COMPEL DISCOVERY**

6    Mr. Aceves-Iniestra moves for the production of the following discovery.  This request is not limited

7  to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the

8  custody, control, care, or knowledge of any "closely related investigative [or other] agencies."  See United

9  States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

10    (1)  The Defendant's Statements.  The Government must disclose to the defendant all copies of any

11  written or recorded statements made by the defendant; the substance of any statements made by the

12  defendant which the Government intends to offer in evidence at trial; any response by the defendant to

13  interrogation; the substance of any oral statements which the Government intends to introduce at trial and

14  any written summaries of the defendant's oral statements contained in the handwritten notes of the

15  Government agent; any response to any Miranda v. Arizona, 384 U.S. 436, 444 (1966), warnings which may

16  have been given to the defendant; as well as any other statements by the defendant.  Fed. R. Crim. P.

17  16(a)(1)(A)-(B).  The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the

18  Government must reveal all the defendant's statements, whether oral or written, regardless of whether the

19  government intends to make any use of those statements.

20    (2)  Arrest Reports, Notes and Dispatch Tapes.  The defendant also specifically requests the

21  Government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate

22  to the circumstances surrounding his arrest or any questioning.  This request includes, but is not limited to,

23  any rough notes, records, reports, transcripts or other documents in which statements of the defendant or

24  any other discoverable material is contained.  Such material is discoverable under Fed. R. Crim. P.

25  16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963).  The Government must produce arrest reports,

26  investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution

27  reports pertaining to the defendant.  See Fed. R. Crim. P. 16(a)(1)(B), Fed. R. Crim. P. 26.2.

28  //

1    (3) <u>Brady Material</u>.  The defendant requests all documents, statements, agents' reports, and tangible

2    evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the

3    Government's case.  Under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), impeachment as well as exculpatory

4    evidence falls within the definition of evidence favorable to the accused.  <u>United States v. Bagley</u>, 473 U.S.

5    667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).  **Specifically, Mr. Aceves requests the**

6    **opportunity to inspect and copy his A-file, as well as the A-file of his mother, Yolanda Iniestra de**

7    **Aceves, his father, Silverio Aceves, and his sister, Iris Maldonado Iniestra.**

8    (4) <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>.  The Government

9    must produce this information under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  This request includes any

10   cooperation or attempted cooperation by the defendant as well as any information that could affect any base

11   offense level or specific offense characteristic under Chapter Two of the Guidelines.  The defendant also

12   requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal

13   history, and information relevant to any other application of the Guidelines.

14   (5) <u>The Defendant's Prior Record</u>.  The defendant requests disclosure of his prior record. Fed. R.

15   Crim. P. 16(a)(1)(D).

16   (6) <u>Any Proposed 404(b) Evidence</u>.  The government must produce evidence of prior similar acts

17   under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609.  In addition, under Rule 404(b), "upon

18   request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the

19   general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at

20   trial.  The defendant requests that such notice be given three (3) weeks before trial in order to give the

21   defense time to adequately investigate and prepare for trial.

22   (7) <u>Evidence Seized</u>.  The defendant requests production of evidence seized as a result of any

23   search, either warrantless or with a warrant.  Fed. R. Crim. P. 16(a)(1)(E).

24   (8) <u>Tangible Objects</u>.  The defendant requests the opportunity to inspect and copy as well as test,

25   if necessary, all other documents and tangible objects, including photographs, books, papers, documents,

26   fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended

27   for use in the Government's case-in-chief or were obtained from or belong to the defendant.  Fed. R. Crim.

28   P. 16(a)(1)(E).

(9)  <u>Evidence of Bias or Motive to Lie</u>.  The defendant requests any evidence that any prospective Government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or his testimony.

(10)  <u>Impeachment Evidence</u>.  The defendant requests any evidence that any prospective Government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed R. Evid. 608, 609 and 613; <u>Brady v. Maryland</u>, <u>supra</u>.

(11)  <u>Evidence of Criminal Investigation of Any Government Witness</u>.  The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(12)  <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>.  The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(13)  <u>Witness Addresses</u>.  The defendant requests the name and last known address of each prospective Government witness.  The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a Government witness.

(14)  <u>Name of Witnesses Favorable to the Defendant</u>.  The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him who was unsure of his identity, or participation in the crime charged.  <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

(15)  <u>Statements Relevant to the Defense</u>.  The defendant requests disclosure of any statement relevant to any possible defense or contention that he might assert.

(16)  <u>Jencks Act Material</u>.  The defendant requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500.  Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks

material.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1).  Campbell v. United States, 373 U.S. 487, 490-92 (1963).  In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(17)  Giglio Information.  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any Government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any Government witnesses.

(18)  Agreements Between the Government and Witnesses.  The defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government witness and the Government (federal, state and/or local).  This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

(19)  Informants and Cooperating Witnesses.  The defendant requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Aceves-Iniestra.  The Government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense.  Roviaro v. United States, 353 U.S. 53, 61-62 (1957).  The Government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

(20)  Bias by Informants or Cooperating Witnesses.  The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness.  Giglio v. United States, 405 U.S. 150 (1972).  Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

//

1    (21) <u>Government Examination of Law Enforcement Personnel Files</u>. Mr. Aceves-Iniestra requests

2    that the Government examine the personnel files and any other files within its custody, care or control, or

3    which could be obtained by the government, for all testifying witnesses, including testifying officers. Mr.

4    Aceves-Iniestra requests that these files be reviewed by the Government attorney for evidence of perjurious

5    conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is

6    exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

7    (22) <u>Expert Summaries</u>. Defendant requests written summaries of all expert testimony that the

8    government intends to present under Federal Rules of Evidence 702, 703 or 705 during its case in chief,

9    written summaries of the bases for each expert's opinion, and written summaries of the experts'

10   qualifications. Fed. R. Crim. P. 16(a)(1)(G). This request includes, but is not limited to, drug/chemical and

11   fingerprint expert testimony.

12   (23) <u>Residual Request</u>. Mr. Aceves-Iniestra intends by this discovery motion to invoke his rights

13   to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the

14   Constitution and laws of the United States. This request specifically includes all subsections of Rule 16.

15   Mr. Aceves-Iniestra requests that the Government provide him and his attorney with the above requested

16   material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

17                                    **III.**

18              **MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**

19   Defense counsel requests leave to file further motions and notices of defense based upon information

20   gained in the discovery process. To date, counsel has received ZERO PAGES of discovery from the

21   government in this matter.[2] Defense counsel intends to file, at the least, a motion under 8 U.S.C. § 1326(d).

22   //

23   //

24   //

25   //

26

27   _____

28   [2] Defense counsel, however, forwarded a written request for discovery to the government in a letter dated January 28, 2008.

1

## IV.

## <u>CONCLUSION</u>

For these and all the foregoing reasons, Mr. Aceves-Iniestra respectfully requests that this court grant his motions and grant any and all other relief deemed proper and fair.

Respectfully submitted,


_/s/ David M.C. Peterson_
DAVID M.C. PETERSON
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Aceves-Iniestra
E-mail: david_peterson@fd.org

DATED: February 15, 2008

1

## CERTIFICATE OF SERVICE

2      Counsel for Defendant certifies that the foregoing is true and accurate to the best information and

3  belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

4      Courtesy Copy to Chambers

5      Copy to Assistant U.S. Attorney via ECF NEF

6      Copy to Defendant

7  Dated:  February 21, 2008              /s/ DAVID M. PETERSON
                                         Federal Defenders of San Diego, Inc.
8                                        225 Broadway, Suite 900
                                         San Diego, CA  92101-5030
9                                        (619) 234-8467  (tel)
                                         (619) 687-2666  (fax)
10                                       David_Peterson@fd.org (email)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28