**DAVID M.C. PETERSON**
California State Bar No. 254498
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
david_peterson@fd.org

Attorneys for Mr. Aceves-Iniestra

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 08cr0361-LAB |
| Plaintiff, | ) ) ) | Date: March 24, 2008<br>Time: 2:00 p.m. |
| v. | ) ) | |
| JESUS ACEVES-INIESTRA, | ) ) | **STATEMENT OF FACTS AND POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS** |
| Defendant. | ) ) ) | |

**I.**

**STATEMENT OF FACTS**[1]

Mr. Aceves-Iniestra was arrested on January 18 2008. While in custody at the border patrol station, Mr. Aceves-Iniestra was questioned by Border Patrol Agents. The government filed a one-count indictment charging Mr. Aceves-Iniestra with illegal reentry in violation of 8 U.S.C. § 1326 on February 14, 2008. To date, defense counsel has received discovery limited to the charging documents in the instant matter, a three page report of arrest by Agent Scott Dishman, an FBI rap sheet, minute orders from the Los Angeles County Superior Court, and "FINS" reports allegedly related to Mr. Aceves-Iniestra.

---

[1] The facts alleged in these motions are subject to elaboration and/or modification at the time these motions are heard. Mr. Aceves-Iniestra reserves the right to take a position contrary to the following statement of facts at the motions hearing and at trial. Because he has to date received extremely limited discovery, the statement of facts, and the quotations, are taken from the complaint's statement of facts signed by the Magistrate Court.

1    On February 14, 2007, the January 2007 Grand Jury panel issued an indictment charging Mr. Aceves-Iniestra with violating 8 U.S.C. § 1326, illegal re-entry after deportation. He pled not guilty to these charges.

## II.

## MOTION TO COMPEL DISCOVERY

Mr. Aceves-Iniestra moves for the production of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

(1) The Defendant's Statements. The Government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any Miranda v. Arizona, 384 U.S. 436, 444 (1966), warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A)-(B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) Arrest Reports, Notes and Dispatch Tapes. The defendant also specifically requests the Government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). The Government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. See Fed. R. Crim. P. 16(a)(1)(B), Fed. R. Crim. P. 26.2.

//

1       (3) <u>Brady Material</u>. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the Government's case. Under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976). **Specifically, Mr. Aceves requests the opportunity to inspect and copy his A-file, as well as the A-file of his mother, Yolanda Iniestra de Aceves, his father, Silverio Aceves, and his sister, Iris Maldonado Iniestra.**

      (4) <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>. The Government must produce this information under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. The defendant also requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, and information relevant to any other application of the Guidelines.

      (5) <u>The Defendant's Prior Record</u>. The defendant requests disclosure of his prior record. Fed. R. Crim. P. 16(a)(1)(D).

      (6) <u>Any Proposed 404(b) Evidence</u>. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609. In addition, under Rule 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three (3) weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

      (7) <u>Evidence Seized</u>. The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(E).

      (8) <u>Tangible Objects</u>. The defendant requests the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the Government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E).

(9) Evidence of Bias or Motive to Lie. The defendant requests any evidence that any prospective Government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or his testimony.

(10) Impeachment Evidence. The defendant requests any evidence that any prospective Government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. See Fed R. Evid. 608, 609 and 613; Brady v. Maryland, supra.

(11) Evidence of Criminal Investigation of Any Government Witness. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(12) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling. The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(13) Witness Addresses. The defendant requests the name and last known address of each prospective Government witness. The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a Government witness.

(14) Name of Witnesses Favorable to the Defendant. The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him who was unsure of his identity, or participation in the crime charged. Brady v. Maryland, 373 U.S. 83 (1963).

(15) Statements Relevant to the Defense. The defendant requests disclosure of any statement relevant to any possible defense or contention that he might assert.

(16) Jencks Act Material. The defendant requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks

1  material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness'
2  interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). Campbell v.
3  United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) the
4  Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes
5  are then subject to the Jencks Act.

6  (17) Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant
7  requests all statements and/or promises, express or implied, made to any Government witnesses, in exchange
8  for their testimony in this case, and all other information which could arguably be used for the impeachment
9  of any Government witnesses.

10  (18) Agreements Between the Government and Witnesses. The defendant requests discovery
11  regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future
12  compensation, or any other kind of agreement or understanding, including any implicit understanding
13  relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government
14  witness and the Government (federal, state and/or local). This request also includes any discussion with a
15  potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain,
16  even if no bargain was made, or the advice not followed.

17  (19) Informants and Cooperating Witnesses. The defendant requests disclosure of the names and
18  addresses of all informants or cooperating witnesses used or to be used in this case, and in particular,
19  disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime
20  charged against Mr. Aceves-Iniestra. The Government must disclose the informant's identity and location,
21  as well as disclose the existence of any other percipient witness unknown or unknowable to the defense.
22  Roviaro v. United States, 353 U.S. 53, 61-62 (1957). The Government must disclose any information
23  derived from informants which exculpates or tends to exculpate the defendant.

24  (20) Bias by Informants or Cooperating Witnesses. The defendant requests disclosure of any
25  information indicating bias on the part of any informant or cooperating witness. Giglio v. United States,
26  405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or
27  threats were made to the witness to secure cooperation with the authorities.
28  //

1    (21) <u>Government Examination of Law Enforcement Personnel Files</u>. Mr. Aceves-Iniestra requests that the Government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Mr. Aceves-Iniestra requests that these files be reviewed by the Government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

(22) <u>Expert Summaries</u>. Defendant requests written summaries of all expert testimony that the government intends to present under Federal Rules of Evidence 702, 703 or 705 during its case in chief, written summaries of the bases for each expert's opinion, and written summaries of the experts' qualifications. Fed. R. Crim. P. 16(a)(1)(G). This request includes, but is not limited to, drug/chemical and fingerprint expert testimony.

(23) <u>Residual Request</u>. Mr. Aceves-Iniestra intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16. Mr. Aceves-Iniestra requests that the Government provide him and his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

### III.

### MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

Defense counsel requests leave to file further motions and notices of defense based upon information gained in the discovery process. To date, counsel has received ZERO PAGES of discovery from the government in this matter.[2] Defense counsel intends to file, at the least, a motion under 8 U.S.C. § 1326(d).

//
//
//
//

---

[2] Defense counsel, however, forwarded a written request for discovery to the government in a letter dated January 28, 2008.

**IV.**

**CONCLUSION**

For these and all the foregoing reasons, Mr. Aceves-Iniestra respectfully requests that this court grant his motions and grant any and all other relief deemed proper and fair.

Respectfully submitted,

DATED: February 15, 2008

*/s/ David M.C. Peterson*
DAVID M.C. PETERSON
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Aceves-Iniestra
E-mail: david_peterson@fd.org

1 **CERTIFICATE OF SERVICE**

2  Counsel for Defendant certifies that the foregoing is true and accurate to the best information and

3 belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

4  Courtesy Copy to Chambers

5  Copy to Assistant U.S. Attorney via ECF NEF

6  Copy to Defendant

7 Dated:  February 21, 2008      /s/ DAVID M. PETERSON
Federal Defenders of San Diego, Inc.
8 225 Broadway, Suite 900
San Diego, CA  92101-5030
9 (619) 234-8467  (tel)
(619) 687-2666  (fax)
10 David_Peterson@fd.org (email)

15 H:\DMP\Cases\1326 cases\Aceves-Iniestra\DiscMtn.final.wpd