**Jesus Aceves-Iniestra**
**Transcript of January 7, 2008**
**Partial Transcript of Group Reading of Rights**

IJ:    Immigration Judge
JA:    Jesus Aceves
GRP:   Group

IJ:    (*continued. . .* ) You also have the right to appeal any decision that I make to a higher
       court.  That means that if you disagree with my decision, you may appeal to a higher court
       where other judges will reconsider your case.  If you are going to appeal, you must file a
       notice of appeal within 30 days after my decision.  To help you do that, each of you were
       given a notice of your appeal rights that looks like this.  And do each of you still have this
       notice?

       You do not have to appeal and you may accept this court's decision.  If you do not appeal
       then I will enter a final order.

       Those are your rights do each of you understand your rights?

GRP:   Yes

The Judge indicates the following people present at hearing:

1.     Arturo Salazar
2.     Mario Godina
3.     Jose Giron
4.     Juan Orlando
5.     Julio Bonilla
6.     Maria Casimiro
7.     Francisco Yan Ramos
8.     Eduardo Soria
9.     Enrique Enrique
10.    Lorenzo Tapia
11.    Jesus Castro
12.    Juana Lorenzo
13.    Juan Ramirez
14.    Jesus Aceves
15.    Franz Isequi
16.    Francisco Melasco
17.    Agustin Heraclito
18.    Walter Velasco
19.    Federic Gibbons
20.    Jasmin Sostegui

**Jesus Aceves-Iniestra**
**Transcript of January 7, 2008**
**Partial Transcript of Individual Portion of Hearing**

IJ:      Immigration Judge
JA:     Jesus Aceves-Iniestra
GA:     Government Attorney

IJ:      Did you understand your rights?

JA:     Yes Sir.

IJ:      Are you gonna get an attorney?

JA:     No Sir.

. . .

IJ:      Sir, are you a citizen or national of the United States?

JA:     [inaud]

IJ:      Are you a native and citizen of Mexico?

JA:     [inaud]

IJ:      Did you enter the United States illegally without being admitted or inspected by an immigration officer?

JA:     No sir.

IJ:      How did you enter the United States?

JA:     I was here since I was a little kid.  From what I know, I went to a [inaud]

IJ:      Ok, did your parents or someone in your family sort of sneak you in illegally?

JA:     Yeah.

IJ:      What year. . . how old do you think you were when you came in?

JA:     I was a little kid.  I was raised in LA.

IJ:      How old do you think you were when you entered?

**Jesus Aceves-Iniestra**
**Transcript of January 7, 2008**
**Individual Portion of Hearing**                                                    2

JA:    Uh, small.  Real small.

IJ:    Like one or two years old?

JA:    Maybe one.

IJ:    How old are you now?

JA:    18.

IJ:    What year were you born?

JA:    1989.

IJ:    So you probably came in around 1989 or 90?  Somewhere about one or two years old?

JA:    [inaudible].

IJ:    Well is it true that you were convicted in October 2005 in a California court of assault with a firearm?

JA:    Yes sir.

IJ:    Ok.  You were sentenced to four years.  How much time did you serve in prison?

JA:    Three years and eight months.

IJ:    You did serve it all?

JA:    Yes sir.

IJ:    Well the court's gonna sustain the charges.  Are you afraid to go back to Mexico?

JA:    No.

IJ:    Do you have any legal papers or a permit or visa to be in the US?

JA:    No sir.  Well [inaud] my papers—when I got locked up in 2005, at my house I got a letter talking about I had to go and sign, and get my fingerprints, to get papers.  But I couldn't go because I was locked up.

IJ:    So you never did get your green card?

JA:    No.  Most likely it got cancelled.


**Jesus Aceves-Iniestra**
**Transcript of January 7, 2008**
**Individual Portion of Hearing**                                                                           3

IJ:       Are you married?

JA:       No.

IJ:       Do you have any children?

JA:       No.

IJ:       Is your mother or father a citizen?

JA:       My dad's a US citizen, my mom's a citizen.

IJ:       Both parents are US citizens?  Were they born here or did they naturalize?

JA:       My dad was born here, and he [] papers for my mom.

IJ:       How old were you when your mother naturalized?

JA:       I was little, probably like 11. . . 11 or 10.

[inaudible colloquy b/w IJ and ADC]

IJ:       So she doesn't just have a green card, she can actually vote, she's a real citizen?

JA:       [inaud].

IJ:       But she naturalized when you were about five or six you think?

JA:       Probably like, [inaudible], somewhere around there

IJ:       And you're 18 now?

JA:       Yeah.

[pause]

IJ:       We don't have count five on here, for the assault.

[pause]

IJ:       I'll ask the government attorney.  It looks—what I have—the information that I have
          shows counts 1-4, the judgment shows that the assault with a firearm is count five.

GA:       Yes your honor I don't have the [inaudible].


**Jesus Aceves-Iniestra**
**Transcript of January 7, 2008**
**Individual Portion of Hearing**                                                                 4

IJ:    OK, so I can't determine.  Sir, it might be possible.  Well, if you spent four years in jail. . .

JA:    I just finished almost four years

IJ:    Then you've spent more than six months in prison in the last ten years.  So you wouldn't be qualified for cancellation, right?  Government you agree with that?

       [inaudible]

IJ:    Sir because you've spent more than six months in prison you know, in the last ten years, then you could show that you meet the residency requirement of being present in the US for the past ten years, because if you spend more than six months in jail, that disqualifies you for any reason. **So I don't see that you qualify for any relief, so I guess I'll, so I'm gonna have to make a decision that you be removed and deported.**

GA:    Unless he's a citizen

IJ:    Oh.  Mother naturalized when he was a minor, father's a citizen.  Did you always live with your parents?

JA:    Yeah.

IJ:    Do your parents still live together?  And they're not divorced, still married?

JA:    No.  Yeah.

IJ:    You might be a citizen, then.  If you're a citizen I wouldn't be able to deport you.  You wouldn't qualify for any relief from removal unless you can prove that you're a citizen.  Since citizenship depends on the time certain things happened, and there was a change in the law in 2000 which is seven years ago, umm, I think we probable oughta give you some time and talk to the Florence project or another attorney to see if you might be able to prove - with your father's birth certificate and your mother's naturalization certificate - and your birth certificate to prove how old you were when certain things happened with your mother's citizenship and your father's.  It might be that you're a United States citizen and you just didn't know it.

JA:    Even though, with my [inaudible] even though he's my stepdad.

IJ:    Oh, he's not your natural dad?  What about your natural dad?

JA:    I never met him.

I J:    So ok, if your mother, so was your mother ever married to your natural dad?

JA:    From what I know.

**Jesus Aceves-Iniestra**
**Transcript of January 7, 2008**
**Individual Portion of Hearing**         5

IJ:     So you're mother mighta came her to the United States and married your stepdad?  Right, but you were already born?

JA:     Yeah.

IJ:     If she had legal custody of you when she became a citizen, you were living in the United States do you know if you ever got a—well, he'd have to be here legally.

IJ:     You see, he put the papers in so I could get the papers, but uh, I didn't get 'em cuz I got locked up.

IJ:     Well it's probably worth checking on because it may, you may have to prove that you got some legal status here when your mother got naturalized.  But I can't tell, that's something, you probably oughta talk to an attorney to see what the citizenship rules at the time that your mother naturalized and all that.  Cuz it can depend on a lot of things, but it might be possible that you're a united states citizen.  If you're here ilegally and then never got your legal papers, maybe you're not, but I can't answer that until someone kind of checks into all the paperwork for your mother and your father and you.

JA:     They told me that they denied my papers because I didn't go in to sign.  They told me they denied em.

IJ:     Well they might have denied a green card.

GA:     Sir what is your mother's name?

JA:     Yolanda Aceves.

GA:     What is her date of birth?

JA:     Uh, I don't know, it's in December.

GA:     What year?

JA:     Uh, I don't know.

GA: What is her maiden name?

JA:     Maiden?

GA:     [inaudible].

JA:     Iniestra.  I-N-I-E-S-T-R-A.

IJ:     Now, I can either give you a week or two if you wanna talk to an attorney or the Florence

**Jesus Aceves-Iniestra**
**Transcript of January 7, 2008**
**Individual Portion of Hearing**          6

project attorneys, like, Katherine or Christina, and see if you wanna try to show that you're a citizen, or if you accept a deportation order today, you can still, if you prove that you're a citizen even from Mexico, then you never lose the right to prove that you're a citizen.  But if you want I can give you time here, I can continue your case for a week or so and give you a chance to check into it to see if you might be a citizen in your opinion, and then we can give you more time to bring in the evidence or the documents to prove it.  And if you prove you're a citizen you won't get deported.

Now even if you are deported, you can still prove you're a citizen from Mexico if you want to do that, so I'm gonna give you the choice: do you want to stay here and try to show that you're a citizen, or do you want to accept the deportation order today, and try and prove that you're a citizen.

JA:    I'll just accept the deportation today. [inaudible]

IJ:    You never lose the right to prove you're a citizen.  You're either a citizen or you're not.  So if you can prove it, you can come back in whenever you want. Ok, so today I'll make the decision that you be removed and deported to Mexico.  Are you gonna appeal to a higher court?

JA:    No. Sir.

IJ:    Then sir the court will enter a final order, and I do wish you good luck sir, and I thank you.  And next, let me see, Francisco Velasco-Garcia . . .

**Jesus Aceves-Iniestra**
**Transcript of January 7, 2008**
**Individual Portion of Hearing**                                    7