KAREN P. HEWITT
United States Attorney
CHRISTINA M. McCALL
Assistant U.S. Attorney
California State Bar No. 234139
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-6760
Facsimile: (619) 235-2757

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                              )<br>             Plaintiff,       )<br>                              )<br>                              )<br>       v.                     )<br>                              )<br>                              )<br> JESUS ACEVES-INIESTRA        )<br>                              )<br>             Defendant.       )<br>                              )<br>_____)  | Criminal Case No. 08CR0361-LAB<br><br>DATE:   April 14, 2008<br>TIME:   2:00 p.m.<br><br>POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTION FOR RECONSIDERATION OF ORDER TO COMPEL PRODUCTION OF GRAND JURY TRANSCRIPTS |

     The Plaintiff, UNITED STATES OF AMERICA, by and through its counsel Karen P. Hewitt, United States Attorney, and Christina M. McCall, Assistant U.S. Attorney, respectfully submits the Points and Authorities in support of its Motion for Reconsideration of this Court's order to produce the grand jury transcript in this case, which is based upon the files and records of this case.

**I**

**STATEMENT OF THE CASE**

The United States hereby incorporates the statement of facts included in the Response and Opposition to Defendant's motion, which was filed on March 17, 2008.

**II**

**STATEMENT OF PROCEEDINGS**

On March 3, 2008, Defendant filed a number of motions, including a motion to compel production of the transcript of the proceedings before the grand jury. The United States filed a response in opposition on March 17, 2008, then filed an amended response on March 19, 2008. The hearing on the motions took place on March 24, 2008, when this Court granted the motion to disclose the grand jury transcript. This Court acknowledged that there is no judicial remedy for failure to disclose exculpatory evidence to the grand jury, recognizing that the Supreme Court has clearly held that dismissal of the indictment is not appropriate for any failure to disclose even materially exculpatory evidence. However, this Court advised the defense counsel that a complaint could be filed with the Department of Justice's Office of Inspector General, in case there was some violation of a Department policy, without clarifying or articulating what that policy entails.

**A.     THE GRAND JURY TRANSCRIPTS SHOULD NOT BE PRODUCED**

Federal Rule of Criminal Procedure 6(e)(2) provides that the matters occurring before the grand jury must not be disclosed, except for limited exceptions set forth in Rule 6(e)(3). Rule 6(e)(3)(E) allows the district court to authorize disclosure of a grand-jury matter at the request of a defendant who **shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury**. Defendant asserts that he has shown a particularized need for the grand jury transcripts. This Court should deny this motion, for Defendant has not met his burden to show a particularized need to overcome the secrecy of the grand jury proceedings.

This court, during the motion hearing, acknowledged that the Supreme Court held that there is no judicially enforceable remedy for a prosecutor's failure to divulge exculpatory evidence to the grand jury. Regardless of the contents of the grand jury proceedings, **there is no theory on which the defendant can rely to achieve a dismissal of the indictment in this matter**. Therefore, the court may not authorize the disclosure of grand jury transcripts in this matter under Rule 6(e)(3)(E)(ii). This

motion is a fishing expedition that does not meet the disclosure test set forth by the Federal Rules.

There are very good reasons why the Federal Rules of Criminal Procedure provide for the secrecy of grand jury proceedings. The Supreme Court stated, in United States v. Procter & Gamble Co., 356 U.S. 677, 681-682, n. 6 (1958), the reasons for grand jury secrecy:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witness who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

In Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211 (1979), the Supreme Court set forth the standard for determining when the traditional secrecy of the grand jury may be broken:

> Parties seeking grand jury transcripts under Rule 6 (e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. Such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations, as it had in Dennis. For in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries. Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties. Concern as to the future consequences of frank and full testimony is heightened where the witness is an employee of a company under investigation. Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities.

441 U.S. at 222.

Any claim that the government has a judicially based obligation to disclose substantial exculpatory evidence to the grand jury is directly contradicted by United States v. Williams, 504 U.S. 36, 51-53 (1992) ("If the grand jury has no obligation to consider all 'substantial exculpatory' evidence, we do not understand how the prosecutor can be said to have a binding obligation to present it."[1] (emphasis added)). See also, United States v. Haynes, 216 F.3d 789,

---

[1] Note that in Williams the Court established:

(continued...)

798 (9th Cir. 2000) ("Finally, their challenge to the government's failure to introduce evidence impugning Fairbanks's credibility lacks merit because prosecutors have no obligation to disclose 'substantial exculpatory evidence' to a grand jury."  (citing Williams) (emphasis added)).

In United States v. Isgro, 974 F.2d 1091 (9th Cir. 1992), the Ninth Circuit, while reviewing Williams, established that there is nothing in the Constitution which requires a prosecutor to give the person under investigation the right to present anything to the grand jury (including his or her testimony or other exculpatory evidence), and the absence of that information does not require dismissal of the indictment.  974 F.2d at 1096 ("Williams clearly rejects the idea that there exists a right to such 'fair' or 'objective' grand jury deliberations."). Even the "obligation to disclose potentially exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963) applies only in regard to trials."  United States v. Gilbert, 198 F.3d 1293 (11th Cir. 1999).

The fact that the USAM imposes a duty on federal prosecutors to present "substantial" exculpatory evidence to the grand jury is irrelevant since by its own terms the USAM precludes defendants from reaping any benefits from the self-imposed policy.  Certain provision of the United States Attorneys' Manual ("USAM") do contain some obligation that a United Stated Attorney must disclose substantial exculpatory evidence to the grand jury.[2/]  Specifically, USAM

---

[1/](...continued)
Respondent does not contend that the Fifth Amendment itself obliges the prosecutor to disclose substantial exculpatory evidence in his possession to the grand jury.  Instead, building on our statement that the federal courts "may, within limits, formulate procedural rules not specifically required by the Constitution or the Congress," he argues that imposition of the Tenth Circuit's disclosure rule is supported by the courts' "supervisory power."

504 U.S. at 45 (citation omitted).  The Court concluded "that courts have no authority to prescribe such a duty [to present exculpatory evidence] pursuant to their inherent supervisory authority over their own proceedings." 504 U.S. at 55.  See also, United States v. Haynes, 216 F.3d 789, 797-98 (9th Cir. 2000). However, the Ninth Circuit in Isgro used Williams' holding that the supervisory powers would not be invoked to ward off an attack on grand jury procedures couched in constitutional terms.  974 F.2d at 1096.

[2/]    The USAM is available on-line at www.usdoj.gov/usao/eousa/foia_reading_room/usam/index.html.

Section 9-11.233 reads:

> In <u>United States v. Williams</u>, 112 S.Ct. 1735 (1992), the Supreme Court held that the Federal courts' supervisory powers over the grand jury did not include the power to make a rule allowing the dismissal of an otherwise valid indictment where the prosecutor failed to introduce substantial exculpatory evidence to a grand jury. It is the policy of the Department of Justice, however, that when a prosecutor conducting a grand jury inquiry is personally aware of <u>substantial evidence that directly negates the guilt</u> of a subject of the investigation, the prosecutor must present or otherwise disclose such evidence to the grand jury before seeking an indictment against such a person. While a failure to follow the Department's policy should <u>not result in dismissal of an indictment</u>, <u>appellate courts</u> may refer violations of the policy to the Office of Professional Responsibility for review.

(Emphasis added.) It is important to note that the requirements of this provision are limited to exculpatory evidence that is substantial. The USAM does not require prosecutors to disclose allegedly exculpatory evidence to the grand jury that is not substantial. This policy was reconfirmed in USAM 9-5.001, Policy Regarding Disclosure of Exculpatory and Impeachment Information, Paragraph A: "This policy does not alter or supersede the policy that requires prosecutors to disclose '<u>substantial evidence</u> that directly negates the guilt of a subject of the investigation' to the grand jury before seeking an indictment, <u>see</u> USAM § 9-11.233 ." (Emphasis added.)[3/]

In this case, there is no evidence that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury. Probable cause existed to believe that Defendant violated 8 U.S.C. § 1326. Defendant is a previously-deported alien who was born in Mexico and re-entered the United States by: paying a smuggler; climbing the border fence with two other individuals; and attempting to evade Border Patrol agents. Defendant, in his post-arrest statement, made some very uncertain and evasive statements regarding his birthplace and nationality, as set forth in the partial transcript contained in his brief on page 3 ("I'm not sure [where I was born]." "I don't have nothing [documents to show birth in the United States]).''

---

[3/] <u>See</u> www.usdoj.gov/usao/eousa/foia_reading_room/usam/title9/5mcrm.htm. Similarly, this new section does not bestow any procedural or substantive rights on defendants.

> Under this policy, the government's disclosure will exceed its constitutional obligations. This expanded disclosure policy, however, does not create a general right of discovery in criminal cases. Nor does it provide defendants with any additional rights or remedies.

USAM 9-5.001, ¶ "E". <u>See</u> www.usdoj.gov/usao/eousa/foia_reading_room/usam/title9/ 5mcrm.htm.

"Probably, yeah [my parents could prove that I was born in the United States]."). Defendant's rap sheet contains references to Defendant's place of birth being Los Angeles, which is entirely self-serving hearsay taken from Defendant at face value by street-level law enforcement officers with no access to immigration records. Multiple hearsay assertions from Defendant come nowhere near grounds to dismiss the indictment. While the place of birth ("POB") references in the rap sheet may be potentially exculpatory, they are far outweighed by much more credible evidence that is actually admissible in court. Defendant's unclear statements post-arrest about his citizenship and place of birth are also far outweighed by the evidence in his Alien file. There is no substantial exculpatory evidence in this case.

Compare the strength of the evidence of Defendant's alienage that has been produced from Defendant's Alien file and immigration proceedings to a few "place of birth" references in Defendant's rap sheet and Defendant's muddled post-arrest interview statements. First, Defendant's birth certificate, submitted by his family to try to obtain a green card for him, clearly indicates his place of birth as Tijuana, Baja California, Mexico. His baptismal certificate likewise indicates Defendant was born in Mexico. Throughout Defendant's immigration petitions, his place of birth is listed as Mexico. Defendant's Mexican passport indicates he is a Mexican citizen. Defendant, during his field interview in this arrest, indicated he was a Mexican citizen who had climbed the border fence to enter without inspection, since he had no documents allowing him to enter the United States. The immigration judge, following a hearing, found Defendant to be a removable alien. A check of immigration databases indicates that Defendant never had any lawful status in the United States. Defendant's petition to adjust his status to that of a lawful resident was denied.

The evidence overwhelmingly indicates that Defendant is not a United States citizen. In light of this overwhelming evidence, all vague and uncertain post arrest statements do no constitute <u>substantial exculpatory evidence</u>. Therefore, the prosecution was under no obligation to disclose such information to the grand jury, even under a Department policy. There has been a completely insufficient showing of a particularized need for the transcripts of the grand jury proceedings to justify overcoming the necessary secrecy of the grand jury's functions. Defendant

would not be able to obtain dismissal of the indictment based on conduct before the grand jury. There is probable cause to believe that Defendant violated 8 U.S.C. § 1326. Therefore, Defendant's motion should be reconsidered and denied.

## CONCLUSION

For the foregoing reasons, the United States requests that this Court grant its Motion for Reconsideration and deny any defense request for disclosure of grand jury transcripts in this matter

DATED: March 28, 2008

                                        Respectfully Submitted,

                                        KAREN P. HEWITT
                                        United States Attorney

                                        ***s/ Christina M. McCall***

                                        CHRISTINA M. McCALL
                                        Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,              )<br>                    Plaintiff,        )<br>           v.                          )<br>JESUS ACEVES-INIESTRA,                  )<br>                    Defendant.         )<br>                                        ) | Case No. 08CR0361-LAB<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that:

I, CHRISTINA M. McCALL, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101.

I am not a party to the above-entitled action. I have caused service of MOTION FOR RECONSIDERATION on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

David Peterson, Esq.
Kris J. Kraus, Esq.
Federal Defenders, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 28, 2008.

/s/ Christina M. McCall

CHRISTINA M. McCALL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28