**DAVID M.C. PETERSON**
California Bar No. 254498
**KRIS J. KRAUS**
California Bar No. 233699
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
david_peterson@fd.org
kris_kraus@fd.org

Attorneys for Mr. Jesus Aceves

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | Case No.: 08CR0361-LAB |
|  ) | |
| Plaintiff,  ) | Date:   April 14, 2008 |
|  ) | Time:   2:00 p.m. |
| v.  ) | |
|  ) | **RESPONSE AND OPPOSITION TO THE** |
| JESUS ACEVES-INIESTRA,  ) | **GOVERNMENT'S MOTION FOR** |
|  ) | **RECONSIDERATION OF THIS COURT'S** |
|  ) | **ORDER COMPELLING GRAND JURY** |
| Defendant.  ) | **TRANSCRIPTS** |

TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
      CHRISTINA M. MCCALL, ASSISTANT UNITED STATES ATTORNEY

**STATEMENT OF FACTS**

Mr. Aceves-Iniestra hereby incorporates the statement of facts included in his motion to compel production of the grand jury transcripts filed on March 3, 2008.

**STATEMENT OF THE PROCEEDINGS**

On March 24, 2008, This Court granted Mr. Aceves-Iniestra's motion to compel production of the grand jury transcripts based upon a showing of "particularized need" by Mr. Aceves. The Court expressed doubt as to whether there exists a grounds to dismiss the indictment, but nonetheless ordered the government to produce the transcripts, presumably in order to allow an informed decision. The Court correctly noted that a complaint to the Officer of the Inspector General could also be an avenue for a remedy for any failure

1  to disclose exculpatory evidence to the Grand Jury. On March 28, 2008, the government filed a Motion to
2  Reconsider the order compelling production of Grand Jury transcripts in this case on or before April 14,
3  2008.

**ARGUMENT**

**A.    THIS COURT DID NOT ABUSE ITS DISCRETION IN COMPELLING THE GRAND JURY TRANSCRIPTS**.

The decision to compel disclosure of grand jury transcripts under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) is firmly committed to the discretion of the district judge. United States v. Perez, 67 F.3d 1371, 1380 (9th Cir. 1995), rev'd on other grounds and modified in part by United States v. Perez, 116 F.3d 840 (9th Cir. 1997) (citing United States v. Plummer, 941 F.2d 799, 806 (9th Cir. 1991)). This Court was well within its discretion in compelling disclosure.

Under Rule 6(e), a district court may permit disclosure of grand jury transcripts when the moving party shows that the request is preliminary to or in conjunction with a judicial proceeding or that he has a "particularized need" for the transcripts. See United States v. Sells Engineering, Inc., 463 U.S. 418, 433 (1983); United States v. Baggott, 463 U.S. 476, 480 (1983). Rule 6(e)(2), alluded to by the government, has no applicability to this case, for it does not limit the court's power to authorize disclosure. Instead, it prohibits the following parties from disclosing a matter occurring before the grand jury:

    (i)    a grand juror;
    (ii)   an interpreter;
    (iii)  a court reporter;
    (iv)   an operator of a recording device;
    (v)    a person who transcribes recorded testimony;
    (vi)   an attorney for the government; or
    (vii)  a person to whom disclosure is made under Rule 6(e)(3)(A)(ii) or (iii).

FED. R. CRIM. P. 6(e)(2)(B). A district judge, to the contrary, may authorize disclosure in *either* of the following situations:

    (i)    preliminarily to or in connection with a judicial proceeding;
    (ii)   at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury;

FED. R. CRIM. P. 6(e)(3)(E). The plain language of subsection (i) authorizes disclosure in a broad range of proceedings, while subsection (ii) provides additional grounds to authorize disclosure where a *possible* ground to dismiss the indictment is shown. The plain language of section (ii) authorizes disclosure when

a defendant shows that a ground "*may*" (not "does") exist to dismiss the indictment because of a matter that occurred before the grand jury. Thus, This Court did not abuse its discretion by compelling disclosure of the grand jury transcripts.

**B.  THE REASONS FOR OF GRAND JURY SECRECY ARE AT THEIR LOW EBB IN THIS CASE AND THE PARTICULARIZED NEED SHOWN IS STRONG.**

**1.  The Reasons For Secrecy Are At Their Low Ebb**

There are valid and well-established reasons for grand jury secrecy. The five reasons repeatedly cited by the Supreme Court demonstrate the low need for government secrecy in this case. United States v. Procter & Gamble Co., 356 U.S. 677, 681-682 n.6 (1958); accord Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211 (1979):

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial when there was no probability of guilt.

Petrol Stops Northwest v. Continental Oil Co., 647 F.2d 1005, 1009 (9th Cir. 1981)

However, this court is well aware that "as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden." Douglas Oil Co., 441 U.S. at 223; See also In Re Grand Jury Proceedings, GJ-76-4 & GJ-75-3, 800 F.2d 1293, 1299 (4th Cir. 1986); United States v. Fischback And Moore, 776 F.2d 839, 843 (9th Cir. 1985). The government correctly recites the reasons for grand jury secrecy in its request for reconsideration—as it did in its initial response and opposition—but fails to apply them to this particular case. This is because such an application illustrates

//
//
//
//
//
//

a defendant shows that a ground "*may*" (not "does") exist to dismiss the indictment because of a matter that occurred before the grand jury. Thus, This Court did not abuse its discretion by compelling disclosure of the grand jury transcripts.

**B.  THE REASONS FOR OF GRAND JURY SECRECY ARE AT THEIR LOW EBB IN THIS CASE AND THE PARTICULARIZED NEED SHOWN IS STRONG.**

**1.  The Reasons For Secrecy Are At Their Low Ebb**

There are valid and well-established reasons for grand jury secrecy. The five reasons repeatedly cited by the Supreme Court demonstrate the low need for government secrecy in this case. United States v. Procter & Gamble Co., 356 U.S. 677, 681-682 n.6 (1958); accord Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211 (1979):

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial when there was no probability of guilt.

Petrol Stops Northwest v. Continental Oil Co., 647 F.2d 1005, 1009 (9th Cir. 1981)

However, this court is well aware that "as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden." Douglas Oil Co., 441 U.S. at 223; See also In Re Grand Jury Proceedings, GJ-76-4 & GJ-75-3, 800 F.2d 1293, 1299 (4th Cir. 1986); United States v. Fischback And Moore, 776 F.2d 839, 843 (9th Cir. 1985). The government correctly recites the reasons for grand jury secrecy in its request for reconsideration—as it did in its initial response and opposition—but fails to apply them to this particular case. This is because such an application illustrates

//
//
//
//
//
//

that the government's need for secrecy here is at a low ebb,[1] while the defendant's showing of particularized need is high.

The first factor—preventing "escape of those whose indictment may be contemplated"—is non-existent in this case. Mr. Aceves is in custody and has been since his arrest. In addition, his indictment is a fait accompli, not a mere contemplation. The second factor—insuring "the utmost freedom to the grand jury in it deliberations and [preventing] persons subject to indictment or their friends from importuning the grand jurors"—is also absent in this case. The grand jury has already deliberated and made its decision, without the influence of Mr. Aceves or his friends. The third factor—preventing "subornation of perjury or tampering with the witness who may testify before [the] grand jury and later appear at the trial of those indicted by it"—is likewise absent because all witnesses have already testified before the grand jury. In addition, if any witnesses testify at trial the transcripts of their prior testimony will be made available to defense counsel per the Jenck's Act. The fourth factor likewise does not exist in this case, because the need "to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes" passed once the grand jury indicted Mr. Aceves. Finally, the fifth factor is absent since Mr. Aceves has already been indicted, and his indictment has been made public. This means that he is not among the "innocent accused who is exonerated" risking "disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt."

//

---

[1] This is in large part because the grand jury's deliberations have ended in this case. Of course, this does not entirely eliminate the reasons for grand jury secrecy:

> the court[] must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries. Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties." Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties.... Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities.

Douglas Oil, 441 U.S. at 222. It is almost certain that the witness in front of the grand jury that indicted Mr. Aceves was a border patrol agent. It is highly unlikely that he or she would fear retribution or social stigma based upon his testimony, given that it is an integral part of his job.

### 2. Mr. Aceves' Showing of Particularized Need Is Strong

As noted in his original motion, Mr. Aceves points to not one, but two sources of exculpatory information that he has affirmatively demonstrated were in the possession of the government at the time of the indictment. See Defendant's Motion to Compel, submitted on March 3, 2008, at pp. 2-5. The information consists of numerous statements that Mr. Aceves was born in California and is a United States citizen. The government has already acknowledged that this information at the very least "may" be exculpatory, United States' Amended Response and Opposition, p. 6, but it has not made any representation to the court that this evidence was in fact presented to the grand jury. These two sources of exculpatory information suggest that either the grand jury was misinstructed as to the requisite mental state or that the exculpatory information was not presented. Mr. Aceves has, thus, shown a particularized need for information that may warrant dismissal of the indictment.

### C. THE GOVERNMENT'S ARGUMENT THAT NO THEORY CAN ACHIEVE DISMISSAL OF THE INDICTMENT IS INCORRECT.

The Supreme Court has long held that dismissal of an indictment may be proper based upon matters that occurred before the grand jury. United States v. Williams, 504 U.S. 36, 46 (1992). The government's argument that "there is no theory on which the defendant can rely to achieve a dismissal of the indictment in this matter" is both unsupported by a single case, and is simply wrong. This Court does have the power to dismiss the indictment due to errors in the grand jury proceeding. Id. at 46 (it is "clear that the supervisory power can be used to dismiss an indictment because of misconduct before the grand jury"); Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988); United States v. Ross, 372 F.3d 1097 (9th Cir. 2004).

The Supreme court held in Bank of Nova Scotia that "a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." 487 U.S. at 254. The clear meaning of this Supreme Court holding is that a district court does have the power to dismiss an indictment if prejudice is shown. As noted in the Ninth Circuit and demanded by the Supreme Court, the proper prejudice inquiry is whether the government conduct "had at least some impact on the [grand jury's] verdict and thus redounded to [the defendant's] prejudice." United States v. Lopez, 4 F.3d 1455, 1464 (9th Cir. 1993) (quoting United States v. Owen, 580 F.2d 365, 368 (9th Cir. 1978)). Such an inquiry cannot be

1 conducted if the government does not disclose the transcripts, as required by the Court's order.  The proper
2 manner of determining whether the grand jury's indictment was properly obtained, and whether any error
3 before the grand jury prejudiced Mr. Aceves, of course requires disclosure of the grand jury transcripts.

4       With regard to a theory that Mr. Aceves can rely on to dismiss the indictment, there are a number
5 of possible grounds for dismissal that arise when a prosecutor fails to disclose exculpatory evidence.  The
6 transcripts <u>may</u> show one of these grounds and that is the only showing that Mr. Aceves needs to make for
7 disclosure under Rule 6(e)(3)(E).  Given the significant possibility of error in the grand jury proceedings,
8 the court should not reconsider its order to compel production of the grand jury transcripts.

## **CONCLUSION**

10       For the foregoing reasons, Mr. Aceves respectfully requests that the Court deny the Government's
11 Motion to Reconsider.

13 Dated:  April 8, 2008           /s/ DAVID M. PETERSON
                                       Federal Defenders of San Diego, Inc.
14                                        225 Broadway, Suite 900
                                       San Diego, CA  92101-5030
15                                        (619) 234-8467  (tel)
                                       (619) 687-2666  (fax)
16                                        David_Peterson@fd.org (email)

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy to Chambers

Copy to Assistant U.S. Attorney via ECF NEF

Copy to Defendant

Dated:  April 8, 2008           /s/ DAVID M. PETERSON
                                Federal Defenders of San Diego, Inc.
                                225 Broadway, Suite 900
                                San Diego, CA  92101-5030
                                (619) 234-8467  (tel)
                                (619) 687-2666  (fax)
                                david_peterson@fd.org (email)